UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RANDI MILROY and DAN WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BELL PARTNERS INC., LSREF3 BRAVO (RALEIGH), LLC d/b/a THE RESERVE AT LAKE LYNN, and HUDSON CAPITAL WESTON, LLC d/b/a CARY RESERVE AT WESTON,<br><br>DEFENDANTS. | Case No. 5:18-cv-516-D |

## FINAL ORDER AND JUDGMENT

This matter comes before the Court on Plaintiffs Randi Milroy and Dan Williams' unopposed motion for final approval of class action settlement and Class Counsel's fee application and request for approval of service awards. Having considered the written submissions and after hearing oral argument at the fairness hearing on August 6, 2021, the Court hereby grants Plaintiffs' unopposed motion for final approval of the parties' settlement and grants Class Counsel's fee application and request for service awards to the Class Representatives. The grounds supporting these rulings follow.

### BACKGROUND

1. This class action was originally filed in the General Court of Justice, Superior Court Division, County of Wake, North Carolina filed by Plaintiffs Randi Milroy and Dan Williams brought a class action against Defendants Bell Partners Inc., LSREF3 Bravo (Raleigh), LLC d/b/a The Reserve at Lake Lynn and Hudson Capital Weston, LLC d/b/a Cary Reserve at Weston. Plaintiffs alleged that Defendants unlawfully charged eviction-related fees and unlawfully

threatened to charge eviction-related fees. Plaintiffs sought monetary and declaratory relief for violation of the North Carolina Residential Rental Agreements Act, North Carolina Debt Collection Act, and North Carolina Unfair and Deceptive Trade Practices Act.

2. Defendants filed a Notice of Removal and the case was removed to this Court [DE 1].

3. Defendants filed Motions to Dismiss. [DE 26, 28 and 30], arguing that their charging of eviction-related fees was lawful. This Court granted Defendants' motion to dismiss [DE 46].

4. Plaintiffs filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. [DE 48]. While the appeal was pending, the parties conducted a mediation session with Judge Doug McCullough (ret.). Thereafter, the parties reached a settlement now before the Court on final approval.

5. On February 26, 2021, the Court preliminarily approved the Settlement Agreement, the proposed notice plan, and the Settlement Classes. [DE 56]. Pursuant to the plan approved by the Court, notice was disseminated to the classes. The Court's Order also set a deadline of March 20, 2021 to opt out or object to the settlement. As of March 20, 2021, only one Settlement Class member has opted out of the settlement and no Settlement Class Member has objected to the settlement, the proposed award of fees and expenses to Class Counsel, or the proposed service awards to the class representatives.

## SETTLEMENT TERMS

6. The Settlement Agreement provides monetary relief of $4,750,000.00, which is composed of a Cash Fund of $2,750,000.00, and Debt Relief of approximately $2,000,000. Each Settlement Class member is a member of one or two classes. The Collection Letter Class is defined

2

as "all natural persons who (a) at any point between September 21, 2014 and June 25, 2018 (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) received a Collection Letter." The Eviction Fee Class is defined as "all natural persons who (a) at any point between September 21, 2014 and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Deffendants and (c) were charged and (d) paid Eviction Fees."

7. Collection Letter Class members may receive $25 per letter sent to them by Defendants up to $75. Eviction Fee Class members were eligible to receive an estimated $416 without filing a claim. Eviction Fee Class members may also be Collection Letter Class members and file claims for such benefits.

8. Under the settlement, all costs of notice and claims administration have been paid by Defendants out of the monetary relief. Court-approved fees and expenses for Class Counsel and service awards for the Class Representatives will be paid by Defendants out of the monetary relief.

9. In addition, certain Settlement Class members were eligible to request non-monetary relief in the form of a *Consent Motion to Set Aside Judgment for Possession Pursuant to Rule 60(b)(5) and Stipulation of Dismissal*. The consent motion allows certain Settlement Class members to set aside judgments entered against them by Defendants for possession of the rental property; however, Settlement Class members have the obligation of filing the motion.

## APPROVAL OF CLASS NOTICE

10. The Settlement Classes have been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Post-Notice Declarations of the Settlement Administrator, which was responsible for carrying out the notice program, the Court hereby finds that the notice was accomplished in accordance with the Court's Order. The Court further finds

that the notice program constituted the best practicable notice to the Settlement Classes under the circumstances and fully satisfies the requirements of due process, Fed. R. Civ. P. 23, and 28 U.S.C. § 1715.

## APPROVAL OF THE SETTLEMENT

11. The Court finds that the parties' settlement is fair, reasonable and adequate in accordance with Rule 23; was reached at arm's length without collusion or fraud; and satisfies all of the requirements for final approval. The Court has considered the complexity, expense and likely duration of the litigation if the settlement is not approved; the odds of the plaintiffs succeeding at trial balanced by the risks of continued litigation; the range of possible recovery if the case is tried; the opinions of Class Counsel and the class representative; and the degree of opposition to the settlement.

12. The Court recognizes that no Settlement Class members objected to the settlement. One Settlement Class member, a Collection Letter Class member, has chosen to opt-out of the settlement and has filed a valid and timely request for exclusion. Accordingly, the individual identified in the Declaration of the Settlement Administrator shall be excluded from the Settlement Class.

13. Notice of the proposed settlement was given to the appropriate State and Federal officials pursuant to 28 U.S.C. § 1715 on or about March 9, 2021, and no objections or other responses have been received. Thus, Defendants have complied with 28 U.S.C. § 1715.

14. In short, the settlement is finally approved and the parties are directed to consummate the settlement in accordance with its terms.

## CERTIFICATION OF THE SETTLEMENT CLASSES

15. The Court hereby finally certifies the Collection Letter Class and the Eviction Fee Class. The Collection Letter Class is defined as "all natural persons who (a) at any point between September 21, 2014 and June 25, 2018 (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) received a Collection Letter." The Eviction Fee Class is defined as "all natural persons who (a) at any point between September 21, 2014 and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) were charged and (d) paid Eviction Fees."

16. Excluded from the Settlement Classes are (1) persons who are employees, directors, officers, and agents of Defendants; (2) persons who timely and properly exclude themselves from the Settlement Class as provided in this Agreement; (3) anyone who has previously executed a written release of all claims against Defendants related to the collecting of Eviction Fees and would otherwise be a member of the Settlement Class; and (4) the Court, the Court's immediate family, and Court staff..

17. Based on the record before the Court, the Court hereby finds that the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the Settlement Classes for settlement purposes only: the Settlement Classes, which contain hundreds of members, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Classes; the claims of the Class Representatives are typical of the claims of the absent Settlement Class members; the Class Representatives and Class Counsel have and will adequately and fairly protect the interests of the Settlement Classes with regard to the claims of the Settlement Classes; and common questions of law and fact predominate over questions

affecting only individual Settlement Class members, rendering the Settlement Classes sufficiently cohesive to warrant a class settlement.

19. The Court finally appoints Scott C. Harris and Patrick M. Wallace of Milberg Coleman Bryson Phillips Grossman, PLLC, and Edward H. Maginnis and Karl S. Gwaltney of Maginnis Howard, as Class counsel. The Court appoints Randy Milroy and Dan Williams as Class Representatives.

18. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Classes.

## ATTORNEYS' FEES AND EXPENSES

20. The Settlement also provides that Defendants will not contest Settlement Class Counsel's application to the Court for payment of attorneys' fees up to the amount of $1,306,250.00 plus reimbursement of expenses and costs from the Cash Fund of the Settlement. The requested attorneys' fees amount to approximately 27.5% of the monetary relief provided under the Settlement. Attorrneys' fees and reimbursement of expenses and costs were negotiated only after the substantive terms of the Settlement were agreed upon. The enforceability of the Settlement was not contingent upon these amounts being awarded.

21. For the reasons stated in Class Counsel's memorandum in support of request for attorney's fees, Class Counsel have provided sufficient information and evidence to establish the reasonableness of their fees considering the law submitted in briefing.

22. The Court finds further support for the attorney's fees in the joint declaration of Class Counsel, Scott Harris and Ed Maginnis. The declaration indicates the extensive work performed by the parties in seeking to resolve the litigation. Counsel worked comprehensively and expansively for over a two year period on the case and anticipate working more to effectuate the

6

Settlement and assist Settlement Class members in receiving the settlement benefits. Class Counsel also has established that they obtained a highly favorable result for the Settlement Class by providing monetary and non-monetary benefits.

23. Class Counsel provided sufficient information to establish their experience, skill, and ability to successfully conduct complex litigation. The skill and labor required to litigate this action for over two years both before this Court and on appeal also favorably weighs in Settlement Class Counsel's favor.

24. After carefully reviewing the foregoing, the Court finds, in its discretion, that $1,306,250.00 is a reasonable attorney fee.

25. The Court finds that the parties' agreement with regard to the payment of fees and expenses was not negotiated while they were negotiating the other terms of the Settlement Agreement, and that the agreement was not the product of collusion or fraud. Instead, the amount of attorneys' fees to be paid by Defendants was proposed after the other terms of the settlement had been agreed upon.

26. The requested fee is justified under the percentage of the fund approach adopted by courts in this Circuit.

27. This fee represents 27.5% of the monetary relief provided to the Settlement Classes. In approving the requested fee, the Court has considered the factors listed in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), including (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results

7

obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. All of these factors either support the fee requested here or are neutral.

28. Class Counsel have provided declarations specifying that they have incurred $4,668.41 in the prosecution of this litigation on behalf of the classes. The Court finds their expenses were reasonably and necessarily incurred and, as a result, Class Counsel are entitled to reimbursement for their expenses, in addition to the fee award.

## SERVICE AWARD

29. The Settlement Agreement provides that Defendants, subject to Court approval, will pay $2,500 each to Randi Milroy and Dan Williams (total of $5,000) for their service as Class Representatives, with such payments to be made from the Cash Fund of the settlement payment. The Court finds that payment of the service awards are appropriate in this case in light of their work on behalf of the Settlement Classes and that no Settlement Class member has objected to the service awards. The Court hereby approves the service award, which shall be paid consistent with the parties' Settlement Agreement.

## CY PRES

30. In the event that Settlement Class members fail to cash their checks within six (6) months of mailing and remaining funds are left over, as provided in the Settlement Agreement, such that the Settlement Fund has a positive balance, all remaining amounts in the Settlement Fund shall be equally divided and disbursed to the approved *cy pres* recipient: Legal Aid of North Carolina. The Claims Administrator is ordered to provide a report to Class Counsel of all money

8

in the Cash Fund left undisbursed within fifteen (15) calendar days after the 6-month period has elapsed.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED AS FOLLOWS:**

1. The Court hereby finally approves in all respects the Settlement set forth in the Settlement Agreement, and finds that the Settlement, the Settlement Agreement, and the plan of distribution of the Settlement funds are in all respects fair, reasonable, and adequate, and are in the best interest of the settlement class.

2. Class Counsel is hereby awarded, from the Settlement Fund, attorneys' fees in the amount of $1,306,250.00 from Defendants to be paid from the Cash Fund as set forth in the manner described in Settlement Agreement, which amount the Court finds to be fair and reasonable.

3. Class Counsel are also awarded, from the Cash Fund, a reimbursement of their expenses of $4,668.41 and the Claims Administrator is awarded its expenses for notice and administration pursuant to the Settlement Agreement.

4. The Court also finds to be fair and reasonable service award of $2,500.00 each to Randi Milroy and Dan Williams, $5,000 total, to be paid from the Cash Fund.

5. Any amounts unused for the administration of the Settlement will be distributed to the *cy pres* recipient.

6. Since no member of the Class has objected to the Settlement, the Effective Date of the Settlement Agreement is the date of the signing of this order, and the Class Releasors shall release and forever discharge the Released Persons from the Released Claims; provided, however, that the individual identified in the Settlement Administrator's Declaration who requested to be excluded from the settlement shall not be deemed to have received any claims.

7. By reason of the settlement, and there being no just reason for delay, the Court hereby enters final judgment in this matter and all claims alleged by Plaintiffs are dismissed with prejudice.

8. Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose.

9. Pursuant to the terms of the Settlement Agreement, this action is dismissed with prejudice as against the Class Representative, all members of the Settlement Classes and the Defendants and Released Persons.

10. Plaintiffs and the Class Members are permanently barred and enjoined from asserting any and all claims included in the Settlement Agreement's Release in any legal proceeding.

11. The parties shall bear their own costs except as provided by the Settlement Agreement and as ordered herein.

12. It is further adjudged that the Class Representatives, on behalf of themselves and members of the Settlement Classes, shall be deemed conclusively to have compromised, settled, discharged, dismissed, and released any and all rights, claims, or causes of action against Released Persons as provided for in the Settlement Agreement.

13. The Class Administrator shall complete administration of the class by making the payments approved by this Order in accordance with the Settlement Agreement and this Order.

SO ORDERED, this the \_\_6\_\_th day of August, 2021.

                                                  James C. Dever, III
                                                 United States District Judge